### LANE v. NATIONAL LABOR RELATIONS BOARD.

### NATIONAL LABOR RELATIONS BOARD v. SEAMPRUFE, Inc.

#### Nos. 3928, 4075.

United States Court of Appeals Tenth Circuit.

Jan. 2, 1951.

Rehearing Denied March 19, 1951.

Morris P. Glushien, New York City (Mullinax, Wells & Ball, Dallas, Tex., with him on the brief), for petitioner, Mavis Lane.

Nathaniel H. Janes, New York City, for respondent, Seamprufe, Inc.

Louis Libbin, Washington, D. C. (George J. Bott, David P. Findling, A. Norman Somers and Irving M. Herman, all of Washington, D. C.), for National Labor Relations Board.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

The two cases involved in this proceeding were consolidated by the National Labor Relations Board pursuant to Section 203.33 (b) of the Board's Rules and Regulations, and were so treated throughout the entire proceedings.

Number 3928.

In Number 3928, petitioner, Mavis Lane, petitions to set aside the Board's order of April 14, 1949, directed against her. The Board seeks enforcement of its order.

The trial examiner found Mavis Lane innocent of unfair labor practices charged in the complaint and recommended that the proceedings be dismissed as to the Union for the reason that no charge against it had been lodged with the Board prior to the issuance of the complaint against it.

The Board upheld the examiner in his conclusion that the proceeding against the Union be dismissed but reversed his find-

ing with respect to Mavis Lane, and found that the statements made by her constituted unfair labor practices. An order was entered requiring Mavis Lane to cease and desist from continuing such unfair labor practices, post notices and notify the Regional Director of steps taken by her to comply with the order.[1]

Mavis Lane petitions this court to set aside the order of the National Labor Relations Board directed against her on the ground that the Board was without jurisdiction and that in any event its findings are not supported by substantial evidence.

The parties stipulated in both cases that Seamprufe is engaged in commerce within the meaning of Section 2(6) and (7) of the National Labor Relations Board Act, 29 U.S.C.A. § 151 et seq., and 29 U.S.C.A. § 141 et seq. The act invests the Board with jurisdiction to prevent unfair labor practices within the meaning of the Act on the part of Unions and their representatives, as well as on the part of the employer. Section 8(b)(1) makes it an unfair labor practice for a labor organization or its representative to restrain or coerce employees in the exercise of their rights guaranteed by Section 7, which includes among others the right to self organization and to form and join unions of their own choosing. Any-

one, whether an employer, Union or Union representative, who coerces or intimidates employees engaged in commerce in the exercise of these rights is guilty of unfair labor practices.

It follows that since Seamprufe was engaged in commerce, the Board had jurisdiction to prevent any violation of the rights of its employees guaranteed to them by the Act.

N.L.R.B. v. Shawnee Milling Company, 10 Cir., 184 F.2d 57, by this court, does not sustain Lane's position that the Board's order is an unconstitutional attempt to regulate purely local matters. There the Shawnee Milling Company operated a number of milling plants, one of which was located at Pauls Valley, Oklahoma. We found that the Pauls Valley Plant was independently and separately operated from Shawnee's other plants, and that it was engaged wholly in intrastate operations. We, accordingly, concluded that a labor dispute in that plant did not affect commerce notwithstanding that Shawnee Milling Company in its other operations was engaged in commerce.

The difference in the two cases is apparent upon their face.

Neither is National Labor Relations Board v. Jones & Laughlin Steel Corpora-

1. The order directed to Mavis Lane, Agent of International Ladies Garment Workers Union, reads in pertinent part, as follows:

"1. Cease and desist from threatening employees of Seamprufe, Incorporated, McAlester, Oklahoma, with loss of employment or other reprisals if they do not join, or if they oppose, International Ladies Garment Workers Union, AFL, or any other labor organization, and from restraining or coercing said employees in any like or related manner in the exercise of the rights guaranteed in Section 7 of the Act, as amended.

"2. Take the following affirmative action, which the Board finds will effectuate the policies of the Act:

"(a) Copies of the notice attached hereto, marked Appendix B, to be furnished by the Regional Director for the Sixteenth Region, shall, immediately upon receipt thereof, be duly signed by Mavis Lane and shall be posted and maintained by her, for a period of sixty (60) consecutive days thereafter, in conspicuous

places in the local business office of International Ladies Garment Workers Union, AFL, at McAlester, Oklahoma, where notices to members are customarily posted. Reasonable steps shall be taken by her to insure that said notices are not altered, defaced, or covered by any other material.

"(b) Additional copies of the notice attached hereto, marked Appendix B, to be furnished by the Regional Director for the Sixteenth Region, shall be signed by Mavis Lane and shall be forthwith returned by her to the Regional Director. The notice shall then be posted, Seamprufe willing, on the bulletin board of Seamprufe, where notices to employees are customarily posted, and shall remain posted for a period of sixty (60) consecutive days thereafter.

"(c) Notify the Regional Director for the Sixteenth Region in writing, within ten (10) days from the date of this Order, what steps the Respondent, Mavis Lane, has taken to comply herewith."

tion, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, controlling. As pointed out, Seamprufe is engaged directly in commerce. It follows that any unfair labor practice has a direct impact upon commerce.

The complaint against Mavis Lane charged, as the agent of the Union, she told the employees of Seamprufe that unless they joined the Union they would lose their jobs; that she told an employee in response to a critical question that the Union had ways to take care of such as he; that she told employees, contrary to facts, that employees in other plants of Seamprufe were unionized and that if the employees of Seamprufe at McAlester, Oklahoma, (the place in question) did not join the Union they would lose the benefits enjoyed by the other employees of the company. The Board found that Lane made the statement, "Those who do not join the Union will eventually lose their jobs." And that she made the following statement, specifically addressed to Michie, (the critical questioner), "We have ways of handling people like you that argue against the Union," and that these statements were threatening and coercive. It is contended that these findings are not supported by the record

As in all such cases the testimony was in sharp conflict. There was testimony which would support contrary findings, but it was for the Board to weigh all the evidence and make findings based thereon.

■ An examination of the entire record leads us to the conclusion that the Board's findings are supported by substantial evidence and are, therefore, not to be disturbed by us. We do not analyze or set out in detail the evidence in the record which impels us to this conclusion. To do so would add nothing of value to the opinion and would only unnecessarily encumber legal publications.

It is further contended that the Board's order should not be enforced because of the wholly isolated character of Lane's statements. It is sufficient to say that we do not share this view. The appraisal of the effect of these statements in their setting was for the Board and we cannot say that they are of such a trivial character that we should interfere with the Board's order.

■ Finally it is contended that there is no warrant for the Board's order requiring Lane to post notices because of the isolated and sporadic violations by her. Since the decision by the Supreme Court in N.L.R.B. v. Mexia Textile Mills, Inc., 339 U.S. 563, 70 S.Ct. 826, there can be no question as to the power of the Board to require the posting of notices in cases such as this.

Number 4075.

In this case, the Board seeks enforcement of its order of April 8, 1949, directed against Seamprufe, Inc. The complaint charged that Seamprufe vilified, disparaged and expressed disapproval of the Union, urged, threatened and warned employees to refrain from assisting the Union, refrain from becoming members of it, urged, persuaded, threatened and warned employees to assist, become members of, and remain members of Seamprufe Employees Association, kept meetings of its employees for the organization of the Union under observation, told employees that they would receive certain benefits as an inducement for their support of the Association, and discharged a number of its employees because of membership in and activities in support of the Union.

The Board found Seamprufe guilty of these charges which, if committed, without doubt constituted violations of the Act. It accordingly entered a cease and desist order against Seamprufe.[2]

2. The pertinent parts of this order are as follows:
   "1. Cease and desist from:
   "(a) Discouraging membership in International Ladies Garment Workers Union, AFL, or in any other labor organization, by discharging employees or in any other manner discriminating in regard to hire or tenure of employment or any term or condition of employment;

   "(b) Contributing support to Seamprufe Employees Association or to any other labor organization of its employees;
   "(c) Interrogating employees in respect of their membership in, activity in behalf of, or sympathy for International Ladies Garment Workers Union, AFL, or any other labor organization, offering wage increases or other benefits in order to persuade employees to favor or disfa-

█ Seamprufe resists enforcement of this order on the ground that the order is void. The basis for this is that at the consolidated hearing before the trial examiner, Mr. Wilson, the attorney for the Board, prosecuted both the case against the Union and Mavis Lane and the case against Seamprufe. It is contended that this constituted a denial of due process. Seamprufe contends that the conflicting interest between the Union and Lane on the one hand, and Seamprufe on the other hand "created a divided loyalty repugnant to a sense of fairness and proper procedure." In short, the contention is that Wilson was representing two clients with conflicting interests. Seamprufe takes the position that Wilson was designated to represent the Union, Lane and Seamprufe in the consolidated hearing. In its brief it states that it was "deprived of a substantial right by the designation of a single attorney to represent all in the consolidated case." The short answer to this is that Wilson represented neither the Union, Lane, nor Seamprufe. He was the attorney for the Board to adduce all evidence showing violations of the act, if any, by any of the parties to the proceeding. The Union and Lane were represented by attorneys of their own choosing, and Seamprufe was likewise represented by its own attorneys. If the cases had not been consolidated and had been separately tried, the fact that Wilson had prosecuted the charges against the Union and Lane could not be urged as grounds disqualifying him to subsequently prosecute the charges lodged against Seamprufe. The fact that the two hearings were consolidated did not change the situation. Due process concerns itself with substance and not with form. N.L.R.B. v. Mackay, Radio & Telegraph Co., 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381. The consolidation of the two hearings rested within the sound discretion of the Board, and Seamprufe was not denied due process by the manner in which the hearing was conducted.

It is next contended that the Board's findings finding Seamprufe guilty of unfair labor practices were not supported by substantial evidence. The Board found that Seamprufe violated the Act in the manner charged in the complaint as hereinbefore set out.

█ Again it would serve no useful purpose to set out in detail the extensive testimony which causes us to conclude that the findings of the Board in this case are likewise supported by substantial evidence.

vor any labor organization, or in any other manner interfering with, restraining, or coercing its employees in the exercise of the right to self-organization, to form labor organizations, to join or assist International Ladies Garment Workers Union, AFL, or any other labor organization, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, and to refrain from any or all of such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in Section 8 (a) (3) of the Act.

"Take the following affirmative action, which the Board finds will effectuate the policies of the Act:

"(a) Offer Virginia Romeo Webb and Edna Clendenon immediate and full reinstatement, each to her former or substantially equivalent position, without prejudice to her seniority, and other rights and privileges;

"(b) Make each of the above-named individuals whole for any loss or pay she may have suffered by reason of Seamprufe's discrimination against her, payment to each of them of a sum of money equal to the amount each normally would have earned as wages from the date of such discrimination to the date of Seamprufe's offer of reinstatement, less the net earnings of each during said period;

"(c) Withhold recognition from Seamprufe Employees Association as the representative of any of Seamprufe's employees for the purpose of dealing with it in matters of grievances, labor disputes, rates of pay, wages, hours of employment, or other conditions of employment, unless and until such organization shall have been certified as such representative by the Board;"

((d) They were required to post notices as directed by the Board.)

((e) To notify the Regional Director as to the steps taken in regard to compliance with the order.)

It is our conclusion that the Board's orders in both Number 3928—Mavis Lane v. National Labor Relations Board, and Number 4075—National Labor Relations Board v. Seamprufe, Incorporated, are valid and should be enforced.

It is so ordered.