NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SEAMPRUFE, INC., Respondent.

No. 9155.

United States Court of Appeals
Tenth Circuit.

Oct. 2, 1967.

Wayne S. Bishop, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Warren M. Davison, Linda R. Sher, Attys., N. L. R. B., with him on brief), for petitioner.

Karl H. Mueller, Fort Worth, Tex. (Harold E. Mueller, Fort Worth, Tex., with him on brief), for respondent.

Before MURRAH, Chief Judge, BROWN * and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

The National Labor Relations Board petitions this court for enforcement of its order entered against Seamprufe, Inc. for violation of Sections 8(a) (1) and (3) of the Labor Management Relations Act, 29 U.S.C. § 158(a) (1), (3).

Respondent's answer denies there is substantial evidence on the record, considered as a whole, to sustain the findings and conclusions on which the order is based.

Seamprufe has several plants located in Oklahoma and Arkansas. The violations charged herein are alleged to have occurred in its plant at McAllister, Oklahoma. In 1951 this court ordered enforcement of an order of the board directed against the respondent for similar conduct at its plant in McAllister, Oklahoma. Lane v. National Labor Relations Board, 186 F.2d 671 (10th Cir. 1951).

We recognize the standards promulgated: "The Board's findings are entitled to respect; but they must nonetheless be set aside when the record before a Court of Appeals clearly precludes the Board's decision from being justified by a fair estimate of the worth of the testimony of witnesses or its informed judgment on matters within its special competence or both." Universal Camera Corp. v. National Labor Relations Bd., 340 U.S. 474, 490, 71 S.Ct. 456, 466, 95 L.Ed. 456 (1951), reiterated and elucidated in American Ship Bldg. v. National Labor Relations Board, 380 U.S. 300, 335, 85 S.Ct. 955, 13 L.Ed. 855 (1965).

We also recognized that the Board set aside portions of the report of its trial examiner and, consequently, that this fact may detract from the substantiality of the evidence relied upon by the Board. Universal Camera Corp. v. National Labor Relations Bd., supra, 340 U. S. at 496, 71 S.Ct. 456.

An 8(a) (1) violation was charged for the unlawful interrogation of employee Tomlinson who distributed union leaflets to fellow employees. A leaflet was lying on Tomlinson's purse by her work station and Tomlinson's supervisor questioned her as to where she had received it. When informed that Tomlinson had received it at a union meeting, the supervisor walked away. The supervisor returned and inquired as to the number of people who attended the recent union meeting, the identity of the person who gave Tomlinson the handbills and Tomlinson's personal attendance record at union meetings.

The trial examiner did not find this instance constituted unlawful interrogation. The Board did not agree. We reviewed the entire record and cannot conscientiously find an 8(a) (1) violation. The supervisor made no threats nor intimated that Tomlinson might be subject to reprisal because of her union activities. When Tomlinson said she could not remember requested information, the supervisor did not press the matter. No attempt was made to interrogate Tomlinson about the union sympathies of other employees. There was no unlawful interference, restraint or coercion as proscribed in Section 8(a) (1).

The Board found that Seamprufe threatened to discharge three employees if they solicited for the union on company property, with no distinction being made between working time and nonworking time. The violation arose out of

---

* Of the Fifth Circuit, sitting by designation.

conversations between Plant Manager Dobbin and the three employees who had made union solicitations. The evidence relating to the conversations is conflicting and necessitates credibility determinations. Such determinations are within the Board's province and not this court's. J. C. Penny Co., Inc. v. N. L. R. B., 384 F.2d 479 (10th Cir. 1967); American Sanitary Products Co. v. N. L. R. B., 382 F.2d 53 (10th Cir. 1967); N. L. R .B. v. Champa Linen Service, 324 F. 2d 28, 29–30 (10th Cir. 1963).

■ Seamprufe contends no finding adverse to the company can be drawn from the statements of Dobbin for the reason the General Counsel advised the trial examiner that no attempt would be made to "establish any unfair labor practice on the basis of promulgation or enforcement of unlawful solicitation." The complaint does not charge promulgation or enforcement of an unlawful solicitation rule and the Board did not make such a finding. It is the Board's position that whether Seamprufe has a valid or invalid rule, Section 8(a) (1) was violated because discharge was threatened and no distinction was made between working time and non-working time.

The case of J. C. Penny Co., Inc. v. N. L. R. B., supra, is distinguishable from the facts of this case because the Board's finding is charged in the complaint, in addition to having been fully litigated at the hearing. The complaint charges that the company, by its supervisors and agents, "threatened its employees with discharge and other reprisals if they engaged in any union activities or solicited other employees to engage in union activities on company premises." Dobbin was specifically referred to in the charge. Therefore, Seamprufe had notice that an unfair labor practice charge was being based upon Dobbin's statement made during his conversations with the three threatened employees.

■ The finding that Section 8(a) (3) of the Act was violated is sustained by the evidence relating to employees of the burn lace department who were discharged on June 10. They had signed cards on the 9th and 10th of June authorizing union representation and were told by a management supervisor that she was disappointed in them for signing. The supervisor told another employee who had notified her that she signed a card outside in a parking lot that "you can't work either then." This discharge was later revoked. Employees on layoff were recalled to perform the duties which the dismissed employees had been performing.

■ Respondent argues that the Board's order is too broad because not restricted to unfair labor practices found to have been committed and other related unlawful acts. We agree with respondent only to the extent that the Board's order has reference to interfering with employees' right to bargain. Because no 8(a) (1) violation regarding the right to bargain was charged or found, and because the right to bargain is not sufficiently related to the facts of this case, such reference does not warrant its inclusion in the Board's order. See N. L. R. B. v. Sunnyland Packing Company, 369 F.2d 787, 794 (5th Cir. 1966).

The petition for enforcement of the Board's order based on violations of Section 8(a) (1) and (3) is hereby granted in accordance with the above modifications.

Enforced as modified.