TYMKOVICH, Circuit Judge,
concurring.
I concur, but write to add a few comments about the scope of the remedy imposed by the NLRB.
The NLRB’s power to select a remedy is broad, subject to limited judicial review. Dayton Tire & Rubber Co. v. NLRB, 591 F.2d 566, 570 (10th Cir.1979). “[W]e review only to ensure the NLRB acted within reasonable bounds and substantial evidence supports the order.” NLRB v. Velocity Express, Inc., 434 F.3d 1198, 1201 (10th Cir.2006). We should not disturb an order of the NLRB unless it attempts “to achieve ends other than those ... fairly ... said to effectuate the policies of the [National Labor Relations] Act ... including] the promotion of industrial peace, the prevention of unfair labor practices and protection [of] victimized employees.” Dayton Tire & Rubber, 591 F.2d at 570. In effectuating the policies of the Act, the NLRB’s “proposed remedy [must] be tailored to the unfair labor practice it is intended to redress.” Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 900, 104 S.Ct. 2803, 81 L.Ed.2d 732 (1984). A failure to reasonably tailor the remedy is arbitrary and capricious. See Velocity Express, 434 F.3d at 1206 (Murphy, J. concurring and dissenting).
We have held that injunctive relief is a powerful remedy to “be narrowly tailored to remedy the harm shown.” Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F.3d 955, 962 (10th Cir.2002). More specifically, in this circuit we allow a broad order enjoining all violations of the National Labor Relations Act only where the defendant has engaged in “persistent attempts by varying methods to interfere with employee rights.”[1] NLRB v. Process & Pollution Control Co., 588 F.2d 786, 792 (10th Cir.1978) (citing NLRB v. Express Publ’g, 312 U.S. 426, 437-38, 61 S.Ct. 693, 85 L.Ed. 930 (1941)).
*691 The Supreme Court has explained that Congress did not intend federal courts to enforce NLRB orders that federal courts could not otherwise issue themselves. Express Publ’g, 312 U.S. at 435, 61 S.Ct. 693. “A federal court has broad power to restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed.... [But the Supreme C]ourt will strike from an injunction decree restraints upon the commission of unlawful acts which are thus dissociated from those which a defendant has committed.” Id. at 435-36, 61 S.Ct. 693.[2] Injunctions that broadly order the enjoined party simply to obey the law and not violate the statute are generally impermissible. Int’l Rectifier Corp. v. IXYS Corp., 383 F.3d 1312, 1316 (Fed.Cir.2004); Davis v. Richmond, Fredricksburg & Potomac R.R., 803 F.2d 1322, 1328 (4th Cir.1986); EEOC v. Wooster Brush Co. Employees Relief Ass’n, 727 F.2d 566, 576-77 (6th Cir.1984); see also Public Interest Research Group of New Jersey, Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64, 83 (3d Cir.1990); Gaddy v. Abex Corp., 884 F.2d 312, 318 (7th Cir.1989); Calvin Klein Cosmetics v. Parfums de Coeur, Ltd., 824 F.2d 665, 669 (8th Cir.1987).
The NLRB admits the cease-and-desist order issued here is so broad that it “will subject an employer to contempt sanctions for any future violations of the Act, not simply ‘like and related’ violations.” Pet. Br. at 26 (emphasis added). Its finding of proclivity is based primarily on (1) the violations in this case, and (2) historical information request violations, some of which occurred in other parts of the country.
While a close call, given our standard of review I am satisfied that as a whole the evidence supports a finding that the Albuquerque division of the Postal Service engaged in “persistent attempts by varying methods” to violate the Act. In addition to the multiple information request violations in the Albuquerque division, there is evidence involving (1) the Postal Service’s treatment of Mr. Orlovsky for an extended period of time, and (2) Mr. Smith’s remarks to employees regarding his views about the benefits generated from the facility’s union representatives.
Having said that, both the ALJ’s order and the NLRB’s modification impose a punishment that seems incommensurate with the crime. An order tailored to the conduct at issue is surely merited. However, as the dissenting NLRB member noted in this and a related case in objecting to “no future violation” orders, “Recidivism alone ... is an insufficient basis for imposing a broad order.” United States Postal Serv., 345 NLRB No. 25, 6 (Aug. 27, 2005) (Schaumber, dissenting). Instead “the Supreme Court has made clear that broad orders must be reserved for egregious cases in which the violations are so severe or so numerous and varied as to truly manifest a general disregard for employees’ fundamental employee rights.” United States Postal Serv., 345 NLRB No. 26, 3 n. 4 (Aug. 27, 2005)(Schaumber, dissenting).
In the end, I concur because the NLRB’s findings regarding the Postal Service’s violations are entitled to deference, as is the appropriate level of injunctive relief based on these facts. The Postal Service is entitled to seek modification of the injunction as circumstances change.

. A finding of persistent attempts by varying means to interfere with employee rights justifies a broad injunction by demonstrating "an attitude of opposition to the purposes of the Act.” NLRB v. Armour & Co., 154 F.2d 570, 578 (10th Cir.1946). See also May Dep’t Stores Co. v. NLRB, 326 U.S. 376, 392, 66 S.Ct. 203, 90 L.Ed. 145 (1945) (requiring "a clear determination by the Board of an attitude of opposition to the purposes of the Act to protect the rights of employees generally”). Such a determination must be supported by substantial evidence. See Velocity Express, 434 F.3d at 1201.

. The rule has been followed in this circuit. In NLRB v. Seamprufe, Inc., 382 F.2d 820, 822 (10th Cir.1967), we modified a broad order so that it would cover only the “unfair labor practices found to have been committed and other related unlawful acts.”